1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARK FEATHERS,

               Plaintiff,

     v.

UNITED STATES OF AMERICA,

               Defendant.

)
)
)
)
)
)
)
)
)
)

Case No. 5:15-cv-2194-PSG

**ORDER GRANTING MOTION TO DISMISS**

**(Re:  Docket No. 18)**

The United States moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  Because the Federal Tort Claims Act's discretionary function exception bars claims one, two, four, five, seven, and eight, sovereign immunity bars claim three and the Privacy Act's routine use exception bars claim six, the United States' motion to dismiss is GRANTED but with leave to amend as required by the Ninth Circuit.

1

## I.

This dispute arises from a federal securities fraud enforcement action filed by the Securities & Exchange Commission against Feathers and three entities he controlled.[1]  As part of its case, the SEC filed a declaration from its accountant Robert Boudreau.[2]  In several motions filed in 2012 and 2013, Feathers challenged the accuracy of Boudreau's report as "deliberately, fraudulently, and incorrectly" calculating certain numbers to support the claim that Feathers and the Small Business Capital Corporation had made Ponzi-like payments to investors.[3]  However, the court granted summary judgment for the SEC without reference to Boudreau's report.[4]

In 2015, Feathers commenced this civil action against the United States on behalf of himself and a putative class of approximately 300 people that invested in the funds at issue in *SEC v. SBCC*.[5]  Feathers seeks relief under the Federal Tort Claims Act for professional negligence by Boudreau (claim one), negligence by the SEC (claim two), "failure to disclose" (claim four), the SEC's supervisory liability for constitutional violations (claim five), false light (claim seven) and negligent infliction of emotional distress (claim 8) (collectively, the "FTCA claims").[6]  He also seeks relief for alleged violations under Civil Rights Act[7] (claim three) and the Privacy Act (claim

---

[1] *See* Docket No. 18 at 3; *see Securities and Exchange Commission v. Small Business Capital Corporation*, Case No. 12-cv-03237-EJD, 2013 WL 4455850 (N.D. Cal. Aug. 16, 2013).

[2] *See* Docket No. 18 at 4.

[3] *See id.* at 4-5.

[4] *See id.* at 6.

[5] *See id.* at 8.

[6] *See* Docket No. 1.

[7] 42 U.S.C. § 1983.

Case No.: 5:15-cv-02194-PSG
ORDER GRANTING MOTION TO DISMISS

six).[8]  The United States moves to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[9]

## II.

This court has jurisdiction under 28 U.S.C. § 1331.  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[10]

Rule 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction.[11]  Such a challenge may attack either the sufficiency of the pleadings or the existence of jurisdiction as factual matter.[12]  Where a defendant presents a factual challenge to subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims."[13]  In addition, plaintiff has the burden of proving that jurisdiction exists.[14]

Under Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[15]  If a plaintiff fails to proffer "enough facts to state a

---

[8] 5 U.S.C. § 552a.  *See* Docket No. 1.

[9] *See* Docket No. 18.

[10] *See* Docket Nos. 11, 21.

[11] Fed. R. Civ. P. 12(b)(1).

[12] *See Thornhill Pub. Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

[13] *Id.* at 733 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

[14] *See Thornhill Pub Co.*, 594 F.2d at 733.

[15] Fed. R. Civ. P. 8(a)(2).

3

Case No.: 5:15-cv-02194-PSG
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California

claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6).[16]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[18]

On a motion to dismiss under Rule 12(b)(6), the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[19] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[20]  However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[21]  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."[22]

"Under the FTCA, the United States may be held liable in tort 'for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the

---

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[18] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

[19] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[20] *See id.* at 1061.

[21] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[22] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Case No.: 5:15-cv-02194-PSG
ORDER GRANTING MOTION TO DISMISS

law of the place where the act or omission occurred.'"[23]  This waiver of sovereign immunity does not apply, and subject matter jurisdiction is not present, when the claim "is based upon the exercise or performance or the failure to exercise or perform a discretionary function."[24]

The discretionary function exception to FTCA liability applies when first, "the action is a matter of choice for the acting employee," and second, that action "involves the permissible exercise of policy judgment."[25]  In making this determination, "[c]ourts are not required to, and should not, simply look at the surface of a complaint for the purpose of ascertaining the true basis of an attack upon something the government has done."[26]  Rather, the court may consider whether a target has been selected for the purpose of evading the discretionary choice of the persons that actually caused the harm.[27]

Regarding claims brought under Section 1983 of the Civil Rights Act, the Ninth Circuit has held that claims against federal agencies are barred by sovereign immunity.[28]  The Ninth Circuit held that there was "no evidence . . . that Congress intended to subject federal agencies to § 1983 . .

---

[23] *General Dynamics Corp. v. United States*, 139 F.3d 1280, 1283 (9th Cir. 1998) (quoting 28 U.S.C. § 1346(b)).

[24] *General Dynamics Corp.*, 139 F.3d at 1283 (quoting 28 U.S.C. § 2680(a)).

[25] *Berkovitz by Berkovitz v. United States*, 486 U.S.C. 531, 536-37 (1988) (explaining that "[the] exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," and that "the basis for the discretionary function exception was Congress' desire to 'prevent judicial second guessing' of legislative and administrative decisions grounded in social economic and political policy" and that the exception "therefore protects only governmental actions and decisions based on considerations of public policy.").

[26] *General Dynamics* 139 F.3d at 1283 (explaining that courts "may take cognizance of the fact that a target has been selected for the purpose of evading the discretionary choice of the persons who actually caused the damage—here the prosecutors', who were pushing a criminal (and civil) attack upon General Dynamics and its employees.").

[27] *Id.*

[28] *See Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011).

5

Case No.: 5:15-cv-02194-PSG
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

. liability," because Section 1983 imposes liability upon a "'person,' and a federal agency is not a 'person' within the meaning of th[is] provision[]."[29]

The Privacy Act prohibits an agency from "disclos[ing] any record which is contained in a system of records" unless "the individual to whom the record pertains" consents.[30]  Disclosure without an individual's consent is permissible, however, for a routine use,[31] defined as "the use of such record for a purpose which is compatible with the purpose for which it was collected."[32]  To establish a routine use, the agency that maintains the relevant record must publish a notice in the Federal Register advising of the existence and character of the system of records and the routine uses of the records contained in the system.[33]

Because the court finds that the FTCA claims are barred by the discretionary function exception, it does not reach the United States' additional arguments that they also are barred by 28 U.S.C. § 2680(h) (claims one, two, four, seven, eight), sovereign immunity (claim five) and the absence of duty or causation (claims one, two).

### III.

The court grants the United States' motion to dismiss as follows.

*First*, the FTCA's discretionary function exception bars the six FTCA claims for lack of subject matter jurisdiction.  Although couched in terms of professional negligence, negligence, failure to disclose, supervisory liability, false light and negligent infliction of emotional distress, the only plausible reality is that Feathers' injuries were caused by the SEC's decision to bring a

---

[29] *Id.*

[30] 5 U.S.C. § 522a(b).

[31] 5 U.S.C. § 552a(b)(3).

[32] 5 U.S.C. § 552a(a)(7).

[33] 5 U.S.C. §§ 552a(b)(3), 552a(e)(4)(D).

Case No.: 5:15-cv-02194-PSG
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

civil enforcement action against him, not Boudreau's accounting error.  That decision by the SEC satisfies both elements of the discretionary function exception.  First, the decision whether to bring an action to enjoin or enforce the federal securities law is wholly within the SEC's discretion.[34]  No statute, regulation, or policy specifically compelled the SEC to pursue Feathers, seek a preliminary injunction or an appointment of a receiver, or to analyze particular facts in a particular manner. Thus, the SEC's decision to pursue Feathers, even if based upon flawed information, was a discretionary decision, and the agent of Feathers' alleged harm was the SEC, not Boudreau. Consistent with the Ninth Circuit's reasoning in *General Dynamics*, Feathers cannot circumvent the SEC's exercise of discretion by arguing that his claim is challenging the accuracy of Boudreau's accounting report.

Second, the SEC's decision to bring an enforcement action is susceptible to a policy analysis.  "When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion."[35]  Because the SEC exercised its statutorily granted discretion in suing Feathers, its action is presumptively grounded in policy.

***Second***, Feathers' Section 1983 claim is barred by sovereign immunity.  The Ninth Circuit has held that sovereign immunity bars claims brought against federal agencies under the Civil

---

[34] *See* 15 U.S.C. § 78u(d)(1) *et seq.*

[35] *Dichter-Mad Family Partners*, 709 F.3d at 763 (citing *U.S. v. Gaubert*, 499 U.S. 315, 324 (1991)).  *See also id.* at 784 ("There are . . . no mandatory obligations requiring the SEC to conduct its investigations in a particular manner or to bring an enforcement action in particular situations. These decisions are fundamentally discretionary and require staff to make policy-based judgments.").

7

Case No.: 5:15-cv-02194-PSG
ORDER GRANTING MOTION TO DISMISS

Rights Act.[36]  Because the SEC is a federal agency, Feathers' claim for alleged violations of his rights under the Civil Rights Act fails and is dismissed for lack of subject matter jurisdiction.

*Third*, Feathers' sixth cause of action under the Privacy Act fails to state a claim upon which relief may be granted.  In compliance with the routine use exception to the Privacy Act,[37] the SEC published a notice in the Federal Register advising of the existence and character of a system of records for SEC enforcement files.[38]  The notice states that the records identified in the notice may be used in proceedings involving federal security laws, or in which the SEC or any past or present members of its staff is a party or otherwise involved in an official capacity.[39]  The SEC was a party to *SEC v. SBCC*, which alleged violations of federal securities laws, and so the SEC's release of information regarding Feathers in that case falls within the Privacy Act's routine use exception.

## IV.

The United States' motion to dismiss is GRANTED.  In light of Feathers' pro se status, and because dismissal without leave to amend is only appropriate if it is clear that the complaint cannot be saved by amendment, leave to amend also is GRANTED.[40]  Any amended complaint shall be filed no later than September 30, 2015.

---

[36] *See Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011).

[37] *See* 5 U.S.C. § 552a(b)(3).

[38] *See* 46 Fed. Reg. 100, 30220-23 (May 24, 2011), *available at* https://www.sec.gov/about/privacy/sorn/secsorn42.pdf (last visited Sept. 8, 2015).

[39] *See id.* at 30221.

[40] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Case No.: 5:15-cv-02194-PSG
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California

**SO ORDERED.**

Dated: September 9, 2015

PAUL S. GREWAL
United States Magistrate Judge

United States District Court
For the Northern District of California

9

Case No.: 5:15-cv-02194-PSG
ORDER GRANTING MOTION TO DISMISS