UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FEATHERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 5:15-cv-02194-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**(Re: Docket No. 37)** |

**I.**

　　　　Plaintiff Mark Feathers, individually and on behalf of all others similarly situated, alleges in his Amended Complaint that Defendant the United States of America violated his Fourth, Fifth, and Fourteenth Amendment rights.[1] The United States moves to dismiss for lack of subject matter jurisdiction.[2] Because sovereign immunity bars Feathers' claims, and because Feathers has not suggested he can avoid this roadblock with any further amendment, the United States' motion to dismiss is GRANTED without leave to amend.

**I.**

　　　　Feathers' claims arise from the Securities and Exchange Commission's actions in a civil enforcement case against him, *SEC v. SBCC*.[3] He alleges that the SEC violated the Generally Accepted Accounting Principles and Generally Accepted Audit Standards in that case, and then

---

[1] *See* Docket No. 31.

[2] *See* Docket No. 37.

[3] *See Securities and Exchange Commission v. Small Business Capital Corporation*, Case No. 12-cv-03237-EJD, 2013 WL 4455850 (N.D. Cal. Aug. 16, 2013).

1
Case No. 5:15-cv-02194-PSG
ORDER GRANTING MOTION TO DISMISS

based on their accounting error, improperly seized his assets in violation of the Fourth and Fifth Amendments.[4] He also alleges a violation of the Fourteenth Amendment.[5] For these constitutional torts, he seeks damages.[6]

This is not Feathers' first time raising claims based on the SEC's accounting in *SEC v. SBCC*. In his initial complaint, Feathers argued that the SEC's accountant had "deliberately, fraudulently, and incorrectly" miscalculated certain numbers to support the claim that Feathers and the SBCC had made Ponzi-like payments to investors.[7] Although the court granted summary judgment for the SEC in *SEC v. SBCC* without reference to this accounting calculation,[8] this error formed the basis for Feathers' request for relief under the Federal Tort Claims Act for professional negligence by the SEC's accountant, negligence by the SEC, a failure to disclose, supervisory liability for constitutional violations, false light, and negligent infliction of emotional distress.[9] He also sought relief under the Civil Rights Act[10] and the Privacy Act.[11]

The court granted the United States' motion to dismiss all claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[12] The court held that it lacked subject matter jurisdiction over the FTCA claims due to the FTCA's discretionary function exemption,[13] sovereign immunity barred the

---

[4] *See* Docket No. 31 at ¶¶ 21, 38, 42-44, 92, 96, 101.

[5] *See id.* at ¶¶ 2, 21, 38, 96, 101.

[6] *See* Docket No. 31 at ¶ 86, p. 20.

[7] *See* Docket No. 1 at 4-5.

[8] *See* Docket No. 18 at 6.

[9] *See* Docket No. 1.

[10] *See* 42 U.S.C. § 1983.

[11] *See* 5 U.S.C. § 522a. *See* Docket No. 1.

[12] *See* Docket No. 30.

[13] *See id.* at 6-7.

1   Section 1983 claim,[14] and Feathers' allegations failed to state a claim upon which relief could be
2   granted for the Privacy Act claim.[15]  In light of Feathers' pro se status, and because he had not
3   previously received leave to amend, the court granted leave to amend.[16]
4         Feathers availed himself of that leave and now alleges claims for violations of his Fourth,
5   Fifth, and Fourteenth Amendment rights.[17]  However, although Feathers' amended complaint is
6   dressed in new causes of action, largely the same body of facts lies under those new clothes.  The
7   Fourth and Fifth Amendment claims are based on the SEC's calculation of the total amount of
8   distributions in Feathers' business,[18] which is the same accounting calculation that Feathers' initial
9   FTCA, Section 1983, and Privacy Act claims were based on.  The Fourteenth Amendment claim is
10  based on the allegation that the SEC discriminated against Feathers by treating his firm differently
11  from the other firms that they regulate.[19]  Feathers alleges that the SEC failed to commit adequate
12  resources to investigating his firm, which resulted in the accounting error, and that they did not
13  engage in meaningful discussion with his firm, as he believes they do with other firms.[20]  The
14  United States moves to dismiss with prejudice under Rule 12(b)(1).[21]

**II.**

16  This court has jurisdiction under 28 U.S.C. § 1331.  The parties further consented to the
17  jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P.

---

[14] *See id.* at 7-8.

[15] *See id.* at 8.

[16] *See id.*

[17] *See* Docket No. 31 at ¶¶ 92, 96, 101

[18] *See id.* at 1, ¶¶ 1-2, 12.

[19] *See id.* at ¶¶ 3, 13.

[20] *See id.* at ¶¶ 3, 13.

[21] *See* Docket No. 37.

72(a).[22]

Rule 12(b)(1) allows defendants to move to dismiss for lack of subject matter jurisdiction.[23] A 12(b)(1) challenge may attack either the sufficiency of the pleadings or the existence of jurisdiction as factual matter.[24] Where a defendant presents a factual challenge to subject matter jurisdiction, "no presumptive truthfulness attaches to Plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims."[25] In addition, a plaintiff has the burden of proving that jurisdiction exists.[26]

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature."[27] "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."[28] "The SEC is specifically immune from suit except in certain well-defined circumstances,"[29] and "may be sued only in the limited circumstances where Congress has expressly waived sovereign immunity."[30] "The party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity."[31]

---

[22] *See* Docket Nos. 11, 21.

[23] *See* Fed. R. Civ. P. 12(b)(1).

[24] *See Thornhill Pub. Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

[25] *Id.*

[26] *See id.*

[27] *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (internal citations omitted).

[28] *See United States v. Mitchell*, 463 U.S. 206, 212 (1983).

[29] *Standifer v. S.E.C.*, 542 F. Supp. 2d 1312, 1316 (N.D. Ga. 2008) (citing *SEC v. Independence Drilling Corp.*, 595 F.2d 1006, 1008 (5th Cir. 1979); 15 U.S.C §§ 77v(a), 78aa).

[30] *Standifer*, 542 F. Supp. 2d at 1316 (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990)).

[31] *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).

### III.

Applying the standards as set forth above, the court holds that sovereign immunity bars Feathers' claims, and the court therefore lacks subject matter jurisdiction. The Amended Complaint pleads claims directly under the Fourth, Fifth, and Fourteenth Amendments.[32] The Amended Complaint does not plead causes of action arising under any statute or, more critically, any statutory waiver of sovereign immunity for the SEC. Nonetheless, there are three potential avenues for Feathers' suit: the Administrative Procedures Act,[33] the FTCA,[34] and a *Bivens* action. Feathers' claims do not satisfy the requirements of any of these waivers.

*First*, the APA waives sovereign immunity only for claims "seeking relief other than money damages."[35] Because Feathers seeks only damages,[36] his claim does not fall within the APA's waiver. Moreover, the APA provides for judicial review only of an "[a]gency action made reviewable by statute and [a] final agency action for which there is no other adequate remedy in a court."[37] Feathers has not identified any statute that makes the SEC's actions in *SEC v. SBCC* reviewable by the court, and has not alleged a final agency action of the SEC that harmed him and for which he has no other adequate remedy. In other words, even if Feathers were granted leave to amend, he could not come within the APA's sovereign immunity waiver by requesting injunctive relief as well as damages.

*Second*, the FTCA provides a limited waiver of sovereign immunity for a federal agency employee's tortious acts.[38] The waiver applies only if such torts committed in the employ of a

---

[32] *See* Docket No. 31 at ¶¶ 38, 101.

[33] *See* 4 U.S.C. §§ 701 *et seq.*

[34] *See* 28 U.S.C. §§ 2671 *et seq.*

[35] 5 U.S.C. § 702.

[36] *See* Docket No. 31 at 20.

[37] 5 U.S.C. § 704.

[38] *See* 28 U.S.C. § 1346(b).

private person would give rise to liability under state law.[39]  "Constitutional torts are, by definition, founded on federal, not state law."[40]  Since Feathers alleges claims only under the United States Constitution, the FTCA's waiver of sovereign immunity does not apply.

*Third*, a *Bivens* action provides an avenue for a plaintiff to seek remedies from a federal agent that commits a constitutional wrong.[41]  However, a plaintiff cannot bring a *Bivens* action against the agency that employs the agent.[42]  Feathers has not named the SEC's accountant as a defendant in this case.  Moreover, amending his complaint to name the accountant would not allow Feathers to successfully present a *Bivens* claim, because the court previously found that Feathers' injury was caused by the SEC's decision to bring a civil enforcement action against him, not by the accountant's alleged error.[43]

## IV.

Because sovereign immunity bars all of Feathers' claims, the court lacks subject matter jurisdiction to adjudicate his claims and GRANTS the United States' motion to dismiss.  Because Feathers has previously received leave to amend,[44] and because he has not suggested that further leave to amend would solve the difficulty of sovereign immunity, further leave to amend is DENIED.[45]

---

[39] *See id.*; *see also Pereira v. U.S. Postal Service*, 964 F.2d 873 (9th Cir. 1992).

[40] *Pereira*, 964 F.2d at 876.

[41] *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[42] *See Meyer*, 510 U.S. at 484-86.

[43] *See* Docket No. 30 at 6-7.

[44] *See* Docket No. 30 at 8.

[45] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (articulating standard for granting leave to amend).

1  **SO ORDERED.**

2  Dated: December 1, 2015

3  _____
   PAUL S. GREWAL
4  United States Magistrate Judge